UNITED STATES of America,
Plaintiff–Appellant,

v.

Michael J. COLLINS,
Defendant–Appellee.

No. 89–3743.

United States Court of Appeals,
Eleventh Circuit.

Oct. 19, 1990.

---

Geoffrey Brigham, Joseph C. Wyderko, Crim. Div., Appellate Section, Washington, D.C., for plaintiff-appellant.

James H. Burke, Jr., Asst. Federal Public Defender, Jacksonville, Fla., for defendant-appellee.

Before CLARK and COX, Circuit Judges, and TUTTLE, Senior Circuit Judge.

CLARK, Circuit Judge:

## FACTS

Appellee pled guilty to Count 2 of an indictment which charged possession with intent to distribute greater than 50 grams of cocaine base on December 30, 1987, in violation of 21 U.S.C. § 841(a)(1). The federal indictment was returned on January 13, 1988. Appellee had been arrested by state authorities on November 14, 1987 and charged with trafficking in cocaine. He pled nolo contendere to that charge on February 17, 1988. He was sentenced to three and one-half years in state prison and fifteen years probation. He was released from state prison on November 18, 1988. Initially appellee had been arrested by state authorities for the offense committed

on December 30, 1987; however, the state attorney's office dropped the charges on January 29, 1988. Collins served 31 days in state prison on this charge before it was dropped. Agents with the Drug Enforcement Agency arrested him on March 10, 1989. Sentencing occurred on June 26, 1989.

The quantity of drugs involved requires a ten-year statutory mandatory minimum sentence be imposed. Under the drug offense guideline, § 2D1.1(a)(3), based on the quantity of drugs involved, the probation officer calculated appellee's base offense level to be 34. He received a two-level reduction for acceptance of responsibility pursuant to § 3E1.1(a). This resulted in a total offense level of 32. The probation officer determined he was in criminal history category IV. Appellee's presumptive guideline range was 168–210 months.

The district court imposed a term of 66 months imprisonment. The court justified its departure on the grounds that the guidelines do not account for an offender serving an intervening term of imprisonment in state prison on a similar charge and that the guidelines do not account for the amount of time appellee served in state prison on the offense of conviction in federal court. The government failed to object to either the departure from the guidelines or sentencing below the ten-year minimum. After sentencing, the government filed a motion to correct an illegal sentence. It argued that the sentence was illegal because it was less that the statutory minimum and that as a departure from the guidelines, the district court failed to give adequate reasons justifying the departure. The district court denied the motion and noted that the government failed to alert the court to the fact that the sentence was below the statutory minimum. The court also commented that its reasons for the departure appear in the sentencing transcript. The government appealed and makes the same arguments here as it did in its post trial motion in the district court. Appellee concedes that the statute requires a ten-year minimum sentence be imposed, but argues that a sentence of 120 months is a reasonable departure and that the dis-

trict court adequately explained its reasons for departing from the guidelines.

## DISCUSSION

■ We agree with both parties that the case must be remanded for resentencing because the sentence imposed was below the statutory minimum. Thus, the only issues presented in this appeal relate to the court's departure. These are (1) whether the intervening state sentence and the opportunity it presented defendant to demonstrate that he was unlikely to recidivate upon release was a permissible basis for a departure; (2) whether the district court adequately explained its reasons for the departure; and (3) whether the degree of departure was reasonable.

### A. *Type of Departure*

The guidelines contemplate two types of departures, guided and unguided. U.S.S.G. Introduction, ¶ 4(b) at 1.7. The first of these "involves instances in which the guidelines provide specific guidance for departure, by analogy or by other numerical or non-numerical suggestions." *Id.* The second type "may rest on grounds referred to in [§ 5K2.0], or on grounds not mentioned in the guidelines." *Id.* Since there is guidance in the case of a "guided" departure, not surprisingly, an unguided departure is permitted when a court finds "an aggravating or mitigating circumstance of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission." § 5K2.0 (quoting 18 U.S.C. § 3553(b)).

■ Criminal history category embodies two different concepts the first is retrospective and the second is prospective. The Sentencing Commission has stated:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

U.S.S.G. § 4A1.3 (Policy Statement). Thus, the question of what punishment is appropriate in a specific case is directly related to the likelihood that the particular offender will commit future crimes. *See United States v. Jackson,* 883 F.2d 1007, 1009 (11th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 747, 107 L.Ed.2d 764 (1990) (upward departure warranted because offender's criminal history category did not accurately reflect the likelihood that the defendant would commit future crimes); *United States v. Campbell,* 888 F.2d 76, 78 (11th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1989) (criminal history under-represents past crimes); *United States v. Dorsey,* 888 F.2d 79, 81 (11th Cir.1989) (same), *cert. denied,* — U.S. —, 110 S.Ct. 756, 107 L.Ed.2d 772 (1990). While these cases involved upward departures, the approach is the same if a court chooses to make a downward departure. The Sentencing Commission has stated that "[t]here may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or *the likelihood that the defendant will commit further crimes* ... and therefore [should] consider a downward departure from the guidelines." U.S.S.G. § 4A1.3 (Policy Statement).

▮ We conclude that while the guidelines do not expressly consider an intervening sentence and the possibility that a defendant has demonstrated his determination to avoid future crimes, the recidivism aspect of criminal history captures this concept. *Cf. United States v. Fayette,* 895 F.2d 1375, 1381 (11th Cir.1990) (post-plea offenses involve additional criminal activity by the defendant and should be factored into criminal history category; an unguided departure is not appropriate). Therefore, any departure made on the ground that the defendant is unlikely to commit crimes in the future must be made under the guided departure procedure outlined in § 4A1.3. In *Fayette,* 895 F.2d at 1379–80, this court held that if a sentencing court determines that a defendant's criminal history score appears inadequately to reflect his or her past behavior, then it must follow the guid-

ed departure procedure outlined in U.S.S.G. § 4A1.3.

B. *Adequacy of Criminal History Category*

▮ In the instant case, the defendant demonstrated to the district court's satisfaction that he would "stay out of the world of crime." This is a finding of fact which is subject to the clearly erroneous standard of review. *United States v. Armstrong,* 901 F.2d 988, 989 (11th Cir. 1990). To depart on the basis of a finding that a particular criminal history category over-represents the likelihood that the defendant will commit future crimes, the sentencing judge must (1) determine which category best encompasses the defendant's likelihood of recidivism, and (2) " 'use the corresponding sentencing range for that category to guide its departure.' " *Fayette,* 895 F.2d at 1379 (quoting *United States v. Cervantes,* 878 F.2d 50, 53 (2nd Cir.1989)). In other words, the " 'Guidelines require sentencing courts first to consider upward [or downward] adjustments of the criminal history category ... before a departure may be justified' " on the basis of an inadequate criminal history score. 895 F.2d at 1379 (quoting *United States v. Lopez,* 871 F.2d 513, 515 (5th Cir.1989)). In a later case, discussing *Lopez,* the Fifth Circuit concluded that the sentencing court had "erred in essentially bypassing the guidelines and in not considering the possible sentences under the next higher criminal history category." *United States v. Harvey,* 897 F.2d 1300, 1306 (5th Cir.1990). In justifying a particular criminal history category, a sentencing court should state that the defendant fits in the category selected and that no intervening category would be appropriate.

▮ While the district court did not explicitly state that it believed appellee's criminal history category over-represented the likelihood that he would recidivate, the district court's comments clearly show that it was convinced Collins would not commit crimes in the future. However, the district court failed to select a criminal history category and failed to use the guideline

range associated with that category. Thus, on remand, the court should follow the procedures outlined above and in *Fayette*. We emphasize that the district court's statements on the record sufficiently explain the basis of its departure; however, it failed to structure its explanation as required by the guided departure procedure outlined in § 4A1.3.

### C. *Reasonableness of the Departure*

We decline to pass judgment on this at this stage. We do not know what sentence the district court will impose on remand. Thus, we would be rendering an advisory opinion if we were to pick a sentence and declare it to be reasonable. We note, however, that 18 U.S.C.A. § 3742(e) requires appellate courts to "give due regard to the opportunity of the district court to judge the credibility of the witnesses ... and [to] give due deference to the district court's application of the guidelines to the facts." The district court is the front line in sentencing. The Sentencing Commission recognizes this and states: "The controlling decision as to whether and to what extent departure is warranted can only be made by the court at the time of sentencing." § 5K2.0. One court aptly noted that "appellate review must occur with full awareness of and respect for, the trier's superior feel for the case. We will not lightly disturb decisions to depart...." *United States v. Diaz–Villafane*, 874 F.2d 43, 49–50 (1st Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989).

### CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is REVERSED and the case is REMANDED for resentencing consistent with this opinion.