

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2003

# USA v. Boynes

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4059

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Boynes" (2003). *2003 Decisions*. Paper 488.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/488

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-4059

———

UNITED STATES OF AMERICA

v.

HENRY CLAY BOYNES,

Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-CR-01)
District Judge:  The Honorable Gustave Diamond

———

Submitted under Third Circuit LAR 34.1(a)
Thursday, May 15, 2003

Before:  RENDELL, SMITH and ALDISERT, Circuit Judges.

(Filed: June 3, 2003)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Henry Clay Boynes appeals from the sentence imposed following his conviction at a

bench trial of possession of intent to distribute less than 100 grams of heroin.

Determining that Appellant was a career offender, the court sentenced him to 151 months imprisonment, followed by a five-year term of supervised release.

The crux of his appeal is that the court erred in denying a downward departure pursuant to United States Sentencing Guideline § 4A1.3. Appellant makes two separate, but related, contentions: (1) that the court erred by confusing the two distinct bases for downward departure under U.S.S.G. § 4A1.3; and (2) that the court failed to consider mitigating facts related to Appellant's prior offenses. We affirm.

Because we are writing only for the parties, who are familiar with the facts and the proceedings in the district court, we will limit our discussion to the controlling legal precepts.

U.S.S.G. § 4B1.1(a) provides in pertinent part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The Sentencing Reform Act requires a sentencing court to impose a sentence within the range prescribed by the Guidelines "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that prescribed." 18 U.S.C. § 3553(b). This provision is mandatory. United States v. Uca, 867 F.2d 783, 786 (3d Cir. 1989).

2

The United States Sentencing Commission issued a policy statement regarding the

adequacy of determining a defendant's criminal history category, noting that:

> [t]here may be cases where the court concludes that a defendant's criminal
> history category significantly over-represents the seriousness of a
> defendant's criminal history ["reason A"] or the likelihood that the defendant
> will commit further crimes ["reason B"]. . . . The court may conclude that the
> defendant's criminal history was significantly less serious than those of most
> defendants in the same criminal history category . . . and therefore consider a
> downward departure from the guidelines.

U.S. SENTENCING GUIDELINES MANUAL § 4A1.3 (2002).

## I.

Distilled to its essence, Appellant's argument centers on his interpretation of one

sentence in the Commission's policy statement. He suggests that, even though there is a

likelihood that the defendant will commit further crimes, he should be entitled to relief if a

defendant's criminal history category significantly over-represents the seriousness of a

defendant's criminal history. That is to say, Appellant argues that, when he fashioned his

request for a downward departure under § 4A1.3, he explicitly stated that he sought a

departure solely on the grounds that his designation as a career offender significantly over-

represented the seriousness of his criminal history. This rationale is referred to in the

dialogue as "reason A." Appellant argues that the court erred by considering what he

deemed "reason B" – the likelihood that the defendant will commit further crimes.

To accept Appellant's argument is to deny the sentencing court's opportunity to

consider recidivism. In rejecting the argument, the court stated:

> I don't believe that we are confined. And confining our comments there, or I

3

am confining my comments there to the A, or to 4A1.3B. It's to the entire concept of a downward departure.

App. at 90a-92a.

We note specifically that the court recognized that it had the authority to make the departure, but stated, "I'm not departing, but it's a matter of discretion. I believe that this case does not qualify for a departure." App. at 108a.

Reason and case law support the district court's determination. When assessing the appropriateness of a departure under U.S.S.G. § 4A1.3, a court should consider all relevant factors, including recidivism. See United States v. Caldwell, 219 F.3d 1186, 1192 (10th Cir. 2000) (finding that a departure determination under § 4A1.3 requires consideration of "all factual circumstances that bear upon a defendant's criminal history and likelihood for recidivism"); United States v. Maldonado-Campos, 920 F.2d 714, 720 (9th Cir. 1990) ("[I]n addition to the seriousness of a defendant's criminal history, recidivism should be considered in deciding whether to depart downward under § 4A1.3.") (citation omitted); United States v. Collins, 915 F.2d 618, 620-622 (11th Cir. 1990) (validating the use of recidivism in tandem with criminal history in determining whether the depart downward under § 4A1.3). Significantly, Appellant has cited no authority to the contrary.

## II.

At the time of his arrest, Appellant was 23 years old. He had 11 prior adult arrests and seven adult convictions, not including the instant offense for which he was sentenced.

His prior adult convictions encompassed drug offenses, several thefts, escape,

resisting arrest, simple assault after entering a woman's home and beating her before taking her automobile, harassment and indecent assault of a woman after burglarizing her home and then propositioning her for oral sex in exchange for $20. His juvenile convictions include theft, burglary, criminal conspiracy, receiving stolen property, and sexual assault on a mentally retarded girl – a crime to which the court specifically referred in sentencing. Appellants' arrests included aggravated assault, reckless endangerment, robbery, several thefts, receiving stolen property, numerous instances of possession of firearms without a license, terroristic threats, intimidation of witnesses, drug possession, and possession with intent to deliver controlled substances.

### III.

Had U.S.S.G. § 4A1.3 omitted "reason B" – "the likelihood that the defendant would commit other crimes," we would agree that the criminal history category did not adequately reflect the seriousness of the defendant's past criminal conduct. Appellant qualified as a career offender because he had "at least two prior felony convictions of a crime of violence[.]" U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a)(3).

One of these crimes of violence was a conviction for escape where he ran away after having been handcuffed. We have held that any escape by its nature presents a serious potential risk of physical injury to another and therefore is a crime of violence for the purpose of U.S.S.G. § 4B1.1(a)(3). United States v. Luster, 305 F.3d 199, 201-202 (3d Cir. 2002), cert. denied, 123 S. Ct. 1773 (2003) (relying on Application Note 1 to U.S.S.G. § 4B1.2 to bring an escape under the umbrella of "crimes of violence"). We noted that

5

even a "walk away" escape is a continuing crime with a potential for violence as the "escapee must continue to evade police and avoid capture." Id. at 202. The other crime of violence was a conviction in state court for resisting arrest following a scuffle, his having been apprehended for a traffic offense.

The effect of these two felonies requires an imposition of a minimum sentence of 151 months. Had the career offender enhancement not applied, the applicable guideline range would have been 30 to 37 months. The jump from 30 to 37 months to 151 months – the difference between approximately three years and more than 12 years – may be considered draconian. Indeed, the district court repeatedly noted its uneasiness at this outcome. We share his uneasiness in affirming it.

But because both trial and appellate judges are bound by the legislative acts of Congress, the Sentencing Guidelines must carry the day. In promulgating the Guidelines, Congress unfortunately removed a gigantic amount of discretion from district court judges and simultaneously tied the hands of appellate judges who review their decisions. We sit powerless to modify Appellant's harsh sentence.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be AFFIRMED.