**UNITED STATES of America,**
**Plaintiff,**

v.

**Steven GIBSON, Defendant.**

**No. 01–10009–CR–KING.**

United States District Court, S.D. Florida, Key West Division.

Aug. 9, 2006.

Barbara Jean Throne, Esq., Assistant United States Attorney, United States Attorney's Office, Miami, FL, for Plaintiff.

Stewart Glenn Abrams, Esq., Assistant Federal Public Defender, Federal Public

---

Defender's Office, Miami, FL, for Defendant.

## ORDER ON RE–SENTENCING

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon the Evidentiary Re–Sentencing Hearing held on July 17, 2006, in Key West, Florida. (*See* DE # 's 119–121.)

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

On March 7, 2001, the Defendant was indicted on one count for possessing with intent to distribute five grams or more of cocaine base ("crack cocaine"), having previously been convicted of a felony drug offense, in violation of 21 U.S.C. § 841(a)(1). The Defendant was convicted after a two-day jury trial at the United States Courthouse in Key West, Florida on September 7, 2001.

### A. *Defendant's First Sentencing: December 6, 2002*

After reference to the United States Probation Officer, a pre-sentence investigation report found Defendant to be a career offender pursuant to U.S.S.G. § 4B.1 because he has at least two prior felony drug convictions and he was at least eighteen years old at the time he committed the offense. With the career offender enhancement, Defendant's base level was 37 and his Criminal History Category VI, with a corresponding sentencing range of 360 months to life imprisonment. In Defendant's objections to the PSI filed with the Court, he did not contest the PSI's summary of his criminal record, nor did he challenge the calculation of his Criminal History points. Rather, he requested a downward departure on two grounds. First he contended that pursuant to

U.S.S.G. § 4A 1.3, a Criminal History Category of VI over represented the seriousness of his criminal record. Second, he asserted that, pursuant to U.S.S.G. § 5K2.0, the Sentencing Guidelines range of 360 months to life imprisonment was disproportionate to the offense of his conviction, which involved less than 23 grams of cocaine.

At the December 6, 2002 sentencing hearing, the Court concluded that the Criminal History envisioned by the Sentencing Guidelines commission was excessive, and applying it to this case over-represented the Defendant's criminal past. The Court thereafter departed downward along the vertical axis of the Sentencing Table from a base offense level of 37 to a 28, a Criminal History Category VI, and sentenced the Defendant to 140 months imprisonment to run concurrently with state sentences the Defendant had already been serving. The Government appealed Defendant's sentence, and the Eleventh Circuit Court of Appeals vacated the sentence and directed the Court to proceed along the horizontal axis of the Sentencing Table and discuss each Criminal History category en route to the category that most appropriately reflected Gibson's Criminal History.

### B. *Defendant's Second Sentencing: July 8, 2004 & August 13, 2004*

Prior to Defendant's re-sentencing, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in which it held that the State of Washington's mandatory Sentencing Guidelines system violated the Sixth Amendment by imposing sentence enhancements based on facts neither admitted by the Defendant nor found by a jury. At the re-sentencing hearing on July 8, 2004, the Government contended that *Blakely* did not apply to the Sentenc-

ing Guidelines, and therefore it had no bearing on whether the Defendant could be classified as a career offender based on his prior felony convictions. The Government also asserted that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) required the same conclusion due to the Supreme Court's holding that, for sentencing purposes, facts of a defendant's prior convictions did not need to be charged in an indictment. Based upon this holding, the Government urged the Court to re-sentence Defendant within the 360 months to life imprisonment sentencing range.

In response, Defendant countered that it would be unconstitutional under *Blakely* to impose on him U.S.S.G. § 4B1.1 career offender enhancements based on facts that were neither alleged in an indictment nor found by the jury. Defendant further contended that although *Almendarez–Torres* allows the Court to make a factual finding that Gibson had prior convictions, those findings [even if found] would be insufficient to enhance his sentence under U.S.S.G. § 4B1.1. Defendant argued that given the fact that the jury was never asked to determine the nature of his prior convictions, the Court could not consider him a career offender for sentencing purposes, and that the Government was required but failed to secure a jury finding that he was at least eighteen years old at the time he committed the instant offense. The Court reserved ruling on the re-sentencing and ordered the parties to brief the issue.

On August 13, 2004, the Court issued a Sentencing Order on Remand, and [based upon its interpretation of *Blakely* and *Almendarez–Torres* ] concluded that the nature of Defendant's prior convictions, his age at the time he committed the instant offense, and the nature of the instant offense, had to be proven to a jury before

Defendant could be designated a career offender under U.S.S.G. § 4B1.1. As such, the Court did not apply the career offender enhancement to Defendant's sentence, and calculated Defendant's base offense level to be a 26 based on the jury's finding that the instant offense involved 5 or more grams of cocaine. Because Defendant's Criminal History Category VI was uncontested, the Court sentenced him to 140 months imprisonment.

The Government again appealed this sentence, seeking to vacate the 140 month sentence imposed by the Court. While the instant case was pending on appeal, the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In *Booker*, the Supreme Court held that the Federal Sentencing Guidelines, as a mandatory guidelines system, violated the Sixth Amendment right to a trial by jury by enhancing a defendant's sentence based on judicially-found facts. *Booker* also held that although the district courts are no longer required to apply the range dictated by the Sentencing Guidelines, they are still obligated to consider the Guidelines, treat them as advisory, and take them into account when sentencing.

In the January 4, 2006 opinion of the Government's second appeal, the Eleventh Circuit found that the Court made two errors when re-sentencing Defendant to 140 months imprisonment. First, the Eleventh Circuit held that under the Supreme Court's recent case law precedents, neither the Fifth Amendment nor the Sixth Amendment prevented the Court from finding the fact of Defendant's prior convictions, or using them to designate him as a career offender under U.S.S.G. § 4B1.1. And second, that the Court misapplied the Sentencing Guidelines by miscalculating Gibson's base offense level and his Criminal History Category. Specifical-

ly, the Court erred by granting Defendant a downward departure on the vertical axis (offense level) for over-representation of Criminal History. The Eleventh Circuit stated that such a downward departure can only be granted on the horizontal axis.

### C. Defendant's Third Sentencing: July 17, 2006

On March 22, 2006, pursuant to the Eleventh Circuit Mandate, the Court held an Evidentiary Re–Sentencing hearing as to Defendant. At this hearing, the Court ordered the parties to submit briefs outlining their positions on the Sentencing Guidelines. After considering the parties' briefs, the Court, on May 18, 2006, entered an Order on Sentencing, finding that Defendant is a career offender pursuant to § 4B1.1 of the Sentencing Guidelines. The Court further found, for a starting point, that Defendant's base offense level is 37 and his Criminal History category is VI.[1] On July 17, 2006, the Court held a second Evidentiary Re–Sentencing Hearing in order to determine the proper sentence to impose upon Defendant.

## II. LEGAL STANDARDS AND DISCUSSION

Under *Booker*, a defendant's ultimate sentence is reviewed for reasonableness. *See United States v. Williams*, 435 F.3d 1350 (11th Cir.2006). Pursuant to *Booker*, Sentencing Guidelines are merely advisory, and the Court is not bound to apply the sentence indicated by the Guidelines so long as they are first determined and then carefully considered. *Gibson*, 434 F.3d 1234.

### A. Legal Standards for Guided and Unguided Departures

Sentencing Guidelines distinguish between two categories of departure; guided and unguided. *United States v. Smith*, 289 F.3d 696, 710 (11th Cir.2002) (citing *United States v. Collins*, 915 F.2d 618, 620 (11th Cir.1990); *United States v. Fayette*, 895 F.2d 1375, 1377 (11th Cir.1990)).

Guided departures, which are governed by U.S.S.G. § 4A1.3, are those departures specifically provided for in the Guidelines and have been explicitly and adequately considered by the Sentencing Commission. *Smith*, 289 F.3d at 710. Departures based on likelihood of recidivism or over-representation of Criminal History fall into this category. *Id.* If a district court finds that the sentence that the Guidelines suggest for a Defendant over-represent the Defendant's Criminal History and concludes that a downward departure on that basis is appropriate, the district court may only grant such a departure under U.S.S.G. § 4A1.3. *Gibson*, 434 F.3d at 1253. Section 4A1.3 departures must proceed on only the horizontal axis and not the vertical axis of the Sentencing Table. *Smith*, 289 F.3d at 711. The extent of a downward departure under this subsection for a career offender within the meaning of § 4B1.1 (Career Offender) may not exceed one Criminal History category. *Gibson*, 434 F.3d at 1253 (citing U.S.S.G. § 4A1.3(b)(3)(A) (2005)). When granting a departure under this subsection, the district court must discuss each Criminal History category it passes over en route to the category that adequately reflects the defendant's criminal conduct. *Smith*, 289 F.3d at 711.

---

1. The Court can properly find, before consideration and/or application of any guideline departures under U.S.S.G. § 4A1.3 or U.S.S.G. § 5K2.0, or the factors enumerated in 18 U.S.C. § 3553(a), that the Defendant's base offense level in the above-styled case is 37, his Criminal History category is VI and the initial Sentencing Guideline range is 360 months to life. *United States v. Gibson*, 434 F.3d 1234 (11th Cir.2006).

As for unguided departures, a district court may reduce a Defendant's suggested Guidelines sentence pursuant to U.S.S.G. § 5K2.0. *Gibson,* 434 F.3d at 1253. Unguided departures allow for a departure from the prescribed guideline range when there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. *Id.* (citing *Smith,* 289 F.3d at 710.) In determining whether to grant such a departure, the district court considers two questions: (1) whether any circumstance makes the case atypical, meaning that it takes the case out of the heartland of cases involving the conduct described in the applicable guideline; and (2) whether that circumstance should result in a different sentence. *Gibson,* 434 F.3d at 1253. (citing *United States v. Schlaen,* 300 F.3d 1313, 1318 (11th Cir.2002); *United States v. Regueiro,* 240 F.3d 1321, 1324 (11th Cir.2001)).

### B. *Legal Discussion on Guided or Unguided Departures*

As to the issue of whether or not the Court will depart from the Sentencing Guidelines pursuant to either U.S.S.G. § 4A1.3 [guided departure] or U.S.S.G. § 5K2.0 [unguided departure], the Court, after consideration and review of (1) the entire record of the above-styled case, (2) the attorney's briefs and the parties' submissions, and (3) the sworn testimony of witnesses at the Evidentiary Re–Sentencing Hearing, finds that it shall not depart from the Sentencing Guidelines based on U.S.S.G. § 4A1.3 or U.S.S.G. § 5K2.0. Therefore, the Court hereby finds that for purposes of Defendant's sentence, and prior to consideration and application of the 18 U.S.C. § 3553(a) factors below, Defendant's base offense level in the above-styled case is 37, his Criminal History category is VI and the initial Sentencing Guideline range is 360 months to life imprisonment

### C. *Legal Standard for Sentencing Principals under 18 U.S.C. § 3553(a)*

The district court need not impose the sentence suggested by the guidelines, but rather the Court must consider the sentence suggested by the guidelines as well as adhere to the sentencing principals set forth in 18 U.S.C. § 3553(a). *Gibson,* 434 F.3d 1234; *See also Williams,* 435 F.3d at 1353–54. A sentence imposed by the district court is considered "reasonable" if the district court applies the 18 U.S.C. § 3553(a) factors to the facts and circumstances of case at hand. *Id.* Title 18 U.S.C. § 3553(a) provides in applicable part:

The Court shall impose a sentence sufficient, (but not greater than necessary), to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider -

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Eleventh Circuit has held that the district court does not have to account for

each item in the "laundry list" of 18 U.S.C. § 3553(a) factors. *See Gibson,* 434 F.3d 1234; *see also Williams,* 435 F.3d at 1353–54; *United States v. Scott,* 426 F.3d 1324, 1329 (11th Cir.2005). The district court need only consider the pertinent § 3553(a) factors and set forth its reasons for the departure. *Id.* (Citing *United States v. Robles,* 408 F.3d 1324, 1328 (11th Cir. 2005); *United States v. Eggersdorf,* 126 F.3d 1318, 1323 (11th Cir.1997); *United States v. Brown,* 104 F.3d 1254, 1256 (11th Cir.1997); *United States v. West,* 898 F.2d 1493, 1503 (11th Cir.1990)).

### D. *Legal Discussion and Application of Title 18 U.S.C. § 3553(a) Factors*

Although the Eleventh Circuit has held that the district court does not have to account for each item in the "laundry list" of 18 U.S.C. § 3553(a) factors, this Court, for purposes of determining Defendant's sentence, shall consider each of the § 3553(a) factors and set forth its reasons for departure. After considering each of the factors below, the Court finds that a sentence of 140 months [approximately 12 years] comports to the objectives of 18 U.S.C. § 3553(a).

### 1. *Nature/Circumstances of the Offense and the History and Characteristics of Defendant*

The nature and circumstances of the offense at issue is the following: on March 7, 2001, the Defendant was indicted on one count for possessing with intent to distribute five grams or more of crack cocaine.

The amount of cocaine at issue is exactly 22.6 grams of cocaine, or less than six hundredths of a pound.

The history and character of Defendant's prior convictions principally consist of sales of between 1 and 3 rocks of crack cocaine.[2] Most of Defendant's sales totaled approximately $50. Although Defendant has had numerous arrests for the sale and possession of crack cocaine, many of those arrests took place within a seven-year period of time between 1994–2001.

### 2. *The Need for the Sentence Imposed -*

#### (A) *To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense*

The Court finds that a sentence of 140 months [approximately 12 years] is a substantial punishment for a crime involving 22.6 grams [less than six hundredths of a pound] of cocaine. The Court finds that a punishment of approximately 12 years in prison clearly reflects the seriousness of the offense at issue, promotes respect for the law, and is a just punishment for the conviction Defendant is facing.

#### (B) *To Afford Adequate Deterrence to Criminal Conduct*

The Court finds that the imposition of a sentence of 140 months [approximately 12 years] will adequately deter the Defendant from committing criminal conduct in the future.

---

**2.** March 25, 1994, Defendant arrested for possession of 1 crack rock. June 12, 1995, Defendant was arrested for a $20 sale of crack cocaine. July 25, 1997, Defendant was arrested for the sale of 3 packets of crack cocaine totaling $300, the sale of two rocks of cocaine totaling $100, the sale of three rocks of cocaine totaling $50, and the sale of one piece of crack cocaine totaling $50. Decem-ber 15, 1999, Defendant was arrested for selling one piece of crack cocaine totaling $50, and the sale of six rocks of cocaine totaling $100. February 5, 2000, Defendant was arrested for the sale of one piece of crack cocaine totaling $50. February 17, 2000, Defendant was arrested for the sale of one piece of crack cocaine totaling $50.

(C) *To Protect the Public from Further Crimes of the Defendant*

As indicated above, the imposition of a sentence of 140 months [approximately 12 years] will protect the public from further crimes of the Defendant.

(D) *To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or other Correctional Treatment in the Most Effective Manner*

The Court finds that this factor is satisfied based upon the fact that Defendant has participated and will continue to participate in parenting classes while being incarcerated.

## III. *IMPOSITION OF SENTENCE UPON DEFENDANT*

For purposes of sentencing, the Court finds that the Defendant shall be considered a career offender, Defendant's base criminal offense level is 37, his Criminal History category is VI, and the applicable Sentencing Guideline range shall be 360 months to life.

After reconsidering Defendant's sentence, and after consulting the Guidelines in a manner consistent with *Booker* and *Gibson,* the Court finds that it is not required to sentence the Defendant to the advisory range of 360 months to life imprisonment. Instead the Court, shall impose a sentence consistent with the sentencing principals set forth in 18 U.S.C. § 3553(a). Pursuant to this section, the Court can and does, exercise its discretion and experience in determining the appropriate sentence which should be imposed.

If the Supreme Court's decision in *Booker* means anything, it gives district court judges the authority [based upon their experience and good judgment] to fashion the proper sentence which serves the interest of society.

After considering this case now for the third time, and after reviewing the entire record, holding oral argument/evidentiary hearing on sentencing, allowing both sides to offer evidence and testimony on sentencing, after considering [under *Booker*] the sentence suggested by the guidelines, and after considering and applying the sentencing principals set forth in 18 U.S.C. § 3553(a) to the record of this case, the Court finds that a sentence of 140 months is reasonable and warranted based upon the facts and circumstances of this case.

## IV. *CONCLUSION*

Therefore, after a careful review of the record, and the Court being otherwise fully advised, it is ORDERED and ADJUDGED that the Defendant Steven Gibson is committed to the custody of the Bureau of Prisons for a term of *one hundred and forty (140) months* or until otherwise discharged by due process of the law. This sentence shall be subject to the same terms, conditions and requirements as imposed by this Court during the Defendant's Sentencing Hearing on December 6, 2002.[3]

---

**3.** Rule 32(i) & (j) of the Federal Rules of Criminal Procedure regarding Sentencing and Defendant's Right to Appeal provides in applicable part:

**(i) Sentencing.**

**(1) In General.** At sentencing, the court:
**(A)** must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report;

**(B)** must give to the defendant and an attorney for the government a written summary of—or summarize in camera—any information excluded from the presentence report under Rule 32(d)(3) on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information;

**(C)** must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence; and

**(D)** may, for good cause, allow a party to make a new objection at any time before sentence is imposed.

**(2) Introducing Evidence; Producing a Statement.** The court may permit the parties to introduce evidence on the objections. If a witness testifies at sentencing, Rule 26.2(a)-(d) and (f) applies. If a party fails to comply with a Rule 26.2 order to produce a witness's statement, the court must not consider that witness's testimony.

**(3) Court Determinations.** At sentencing, the court:

**(A)** may accept any undisputed portion of the presentence report as a finding of fact;

**(B)** must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and

**(C)** must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

**(4) Opportunity to Speak.**

**(A) By a Party.** Before imposing sentence, the court must:

**(i)** provide the defendant's attorney an opportunity to speak on the defendant's behalf;

**(ii)** address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; and

**(iii)** provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney.

**(B) By a Victim.** Before imposing sentence, the court must address any victim of a crime of violence or sexual abuse who is present at sentencing and must permit the victim to speak or submit any information about the sentence. Whether or not the victim is present, a victim's right to address the court may be exercised by the following persons if present:

**(i)** a parent or legal guardian, if the victim is younger than 18 years or is incompetent; or

**(ii)** one or more family members or relatives the court designates, if the victim is deceased or incapacitated.

**(C) In Camera Proceedings.** Upon a party's motion and for good cause, the court may hear in camera any statement made under Rule 32(i)(4).

**(j) Defendant's Right to Appeal.**

**(1) Advice of a Right to Appeal.**

**(A) Appealing a Conviction.** If the defendant pleaded not guilty and was convicted, after sentencing the court must advise the defendant of the right to appeal the conviction.

**(B) Appealing a Sentence.** After sentencing—regardless of the defendant's plea—the court must advise the defendant of any right to appeal the sentence.

**(C) Appeal Costs.** The court must advise a defendant who is unable to pay appeal costs of the right to ask for permission to appeal in forma pauperis.

**(2) Clerk's Filing of Notice.** If the defendant so requests, the clerk must immediately prepare and file a notice of appeal on the defendant's behalf.

The district court must clearly inform the defendant of his allocution rights, leaving no room for doubt that the defendant had been issued a personal invitation to speak prior to sentencing. *United States v. Gerrow,* 232 F.3d 831 (11th Cir.2000). Defendant's right to address the court personally prior to the imposition of sentence serves several compelling values, including giving defendant one more opportunity to throw himself on the mercy of the court and maximizing the perceived equity of the sentencing process. *United States v. Quintana,* 300 F.3d 1227 (11th Cir.2002). Purpose underlying right of allocution is to permit convicted defendant opportunity to plead personally to the court for leniency in his sentence by stating mitigating facts and to have plea considered by the court in determining an appropriate sentence. *United States v. Tamayo,* 80 F.3d 1514 (11th Cir. 1996).

Since the initiation of the above-styled case, this Court has held 5 sentencing hearings relating to Defendant's September 7, 2001 conviction. (*See* DE # 's 59, 89, 93, 111, 119.) The record of the above-styled case and more specifically the record of the July 17, 2006 Re–Sentencing Hearing clearly shows that the Court (1) afforded Defendant his full rights to allocution under the law, and (2) fully complied with all of the requirements of

Rule 32 of the Federal Rules of Criminal Procedure as it relates to Defendant's sentencing. Therefore, the Court concludes that a subsequent re-sentencing hearing is not warranted. However, if either party requests that the Court hold a subsequent re-sentenc-ing hearing, that party shall file its motion with the Court on or before *August 14, 2006.* If neither party requests that the Court hold a subsequent re-sentencing hearing, the imposition of Defendant's sentence shall be in accordance to the instant Court Order.