[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16078
Non-Argument Calendar

_____

D.C. Docket Nos. 1:09-cv-22349-PAS,
1:04-cr-20705-PAS-1

DARRYL RICHARDSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 25, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Darryl Richardson, a federal prisoner proceeding pro se, appeals the district

judge's denial of his request for habeas relief under 28 U.S.C. § 2255, in which he

challenges his 2006 conviction and 30-year sentence for conspiracy to possess with intent to distribute 5 or more kilograms of cocaine. We affirm.

## I. BACKGROUND

Richardson was convicted of conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846, for over ten years. *See United States v. Richardson*, 532 F.3d 1279, 1283 (11th Cir. 2008). Richardson's presentence investigation report assigned him a total offense level of 40 and a criminal history category of III. His offense level was based in part on a 1996 Georgia conviction for theft, for which Richardson was sentenced to 12 months of probation.

At sentencing, Richardson sought a U.S.S.G. § 4A1.3(b)(1) downward departure. His counsel asserted Richardson's prior theft conviction was a misdemeanor and the resulting criminal-history points substantially overstated the seriousness of his criminal history. The government and probation officer disputed the characterization of the prior offense as a misdemeanor. The sentencing judge denied Richardson's request and explained she could not treat counsel's proffer as evidence. Richardson testified numerous government witnesses had lied during his trial. After considering a sentence between 20 and 30 years, the judge imposed a 30-year sentence. Richardson's sentence was based in part on the judge's conclusion that Richardson's continued protestations of innocence demonstrated his refusal to see reality; he therefore posed a danger to society.

2

In his § 2255 motion, Richardson raised several arguments, including his trial counsel should have obtained copies of the court documents from his prior Georgia case.  Richardson asserted these documents would have shown he was not convicted of theft or sentenced to probation, but rather he was convicted of misdemeanor simple battery and had received a 12-month suspended sentence.  Had his counsel presented these documents to the sentencing judge, Richardson contends the judge likely would have granted his downward-departure motion.  We have granted a certificate of appealability ("COA") on the sole issue of whether Richardson's trial counsel rendered ineffective assistance during Richardson's sentencing by failing to investigate and obtain the necessary documents to argue adequately for a downward departure.[1]

## II. DISCUSSION

We review de novo a claim of ineffective assistance of counsel, which is a mixed question of law and fact.  *Payne v. United States*, 566 F.3d 1276, 1277 (11th Cir. 2009) (per curiam).  To establish ineffective assistance of counsel, Richardson must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Prejudice is a reasonable probability that, but for counsel's errors, the

---

[1] Richardson additionally argues his counsel was ineffective for failing to argue his prior misdemeanor-battery conviction was uncounseled.  This issue is not properly before this court, because it is outside the scope of the COA.  *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) (explaining the law of this circuit prohibits consideration of any issue that is not specified in the COA).

result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011). The petitioner bears the burden of proof on both prongs of an ineffective-assistance claim. *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001).

At sentencing, if reliable information shows a defendant's criminal-history category substantially over-represents the seriousness of his criminal history or the likelihood he will commit other crimes, a downward departure may be warranted. U.S.S.G. § 4A1.3(b)(1). Section 4A1.3 directly implicates the likelihood that the particular offender will commit future crimes. *United States v. Collins*, 915 F.2d 618, 621 (11th Cir. 1990). The section is concerned with the pattern or timing of prior convictions, not with facts of the prior crimes, *United States v. Smith*, 289 F.3d 696, 713 (11th Cir. 2002), or doubts about their validity, *United States v. Phillips*, 120 F.3d 227, 231-32 (11th Cir. 1997).

Richardson has not met his burden of showing a reasonable probability that, but for his counsel's alleged deficiencies, the sentencing judge would have granted his downward-departure motion. *See Harrington*, 131 S. Ct. at 792; *Strickland*, 466 U.S. at 687, 694; *Johnson*, 256 F.3d at 1176. He has shown nothing in the record in support of, and has submitted no authority for, his suggestion the judge would have granted his request for a downward departure had his trial counsel

properly established the prior conviction was for a misdemeanor that resulted in a suspended sentence. Because the prior conviction occurred while Richardson was engaged in the conduct underlying his federal conviction, it is likely the judge still would have denied the motion, even if Richardson's counsel had submitted the additional documents. *See Smith*, 289 F.3d at 713; *Collins*, 915 F.2d at 621.

Moreover, the judge's sentencing statements show she was unlikely to have considered a downward departure after Richardson continued to protest his innocence and claimed the government witnesses had lied. Based on Richardson's continued protestation of innocence, the judge determined Richardson refused to see reality; consequently, he posed a danger to society. Accordingly, Richardson has not shown the district judge erred when she concluded he did not establish his counsel rendered ineffective assistance with respect to his downward-departure motion.

**AFFIRMED.**