[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14897
Non-Argument Calendar
_____

D.C. Docket No. 7:14-cr-00009-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL B. ENOCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 1, 2015)

Before ROSENBAUM, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Michael B. Enoch appeals the 60-month prison sentence he received after pleading guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  His sentence represented a 27-month variance above the advisory guideline range of 27 to 33 months of imprisonment.

On appeal, Enoch contends that the district court committed the following errors:  it mistakenly believed it did not have the authority to downwardly depart under United States Sentencing Guidelines Manual ("U.S.S.G.") § 5K2.12 (Coercion and Duress);  it imposed the equivalent of an upward departure for under-represented criminal history, U.S.S.G. § 4A.13, without providing notice or following the prescribed procedures;  and it otherwise imposed a procedurally and substantively unreasonable sentence.  After careful review of the record and the parties' briefs, we vacate and remand for resentencing.

## I.

On September 2, 2013, a police officer on patrol in Moultrie, Georgia, observed Enoch standing on the side of a road and holding a semi-automatic pistol. When the officer turned his car around, a female co-defendant took the gun from Enoch and began to run.  Both Enoch and the co-defendant were detained, and officers retrieved a .40 caliber pistol with a magazine in it.  Enoch eventually told officers that, "due to an altercation down the street," the co-defendant had tried to give him the gun for his protection.  The co-defendant stated that Enoch already

2

had the pistol and she was trying to get him to go inside the house "to avoid getting into trouble," but he told her to take the pistol when they observed the police.

Enoch pled guilty, under a written plea agreement, to one count of being a felon in possession of a firearm. Before sentencing, a probation officer prepared a final presentence investigation report ("PSR") finding Enoch's advisory sentencing guideline range to be 27 to 33 months of imprisonment. Enoch was determined to be in criminal history category V, based on prior convictions for statutory rape, obstruction of a law enforcement officer, possession of marijuana, battery, and burglary, and because he committed the instant offense while serving the burglary sentence. The PSR did not identify any grounds warranting a variance from the guideline range.

Enoch moved for a downward departure based on coercion or duress, under U.S.S.G. § 5K2.12, in his objections to the PSR and at sentencing. He contended that he only possessed the firearm in question because he was reasonably in fear for his safety at the time of the offense. At sentencing, defense counsel asserted that Enoch was being targeted because he had testified against certain individuals in several criminal trials involving gang activity, and that he already had been beaten and shot after testifying against one individual. The district court expressed skepticism about whether coercion or duress could be a defense to the firearm-possession offense. After further discussion of the downward departure, the

3

district court adopted the PSR and found the guideline range to be 27 to 33 months, implicitly denying the downward departure.

The court sentenced Enoch to 60 months in prison, stating that it had considered the sentencing factors in 18 U.S.C. § 3553(a) and made an "individualized assessment." The court stated that it "[made] this upward variance primarily because of [Enoch's] past criminal history," including his convictions for statutory rape, battery, burglary, and obstruction of an officer. (D.E. 59 at 20). "In addition," the court told Enoch, "for the past 11 years you have had no verifiable employment. As we know now, you've never been married, but as your lawyer has said and as the presentence report said, you have five children, and I think it's probably fair to assume that you are not making support payments to any of them." (*Id.*). Enoch personally interjected that he took care of his kids and that he worked various odd jobs and had filed tax returns. The court responded, "All right[.] In any event, those are the reasons that the Court had for the upward variance." (*Id.* at 21).

The court further elaborated that it found that Enoch was "not a man with respect for the law," who was "very probably a danger to [the] community," and that "a sentence in the range of 27 to 33 months does not adequately treat [his] case with the severity it deserves." (*Id.*). At the close of the hearing, Enoch objected to

4

the upward variance and he renewed his objection to the denial of his motion for a downward departure.  This is Enoch's appeal.

## II.

Enoch first argues that remand for resentencing is required because the district court found it did not have the authority to apply a downward departure under U.S.S.G. § 5K2.12.  The court, according to Enoch, incorrectly concluded that there is no excuse or justification defense to the charge of possession of a firearm by a convicted felon, and so failed to consider Enoch's evidence of an incomplete justification defense under § 5K2.12.

Pursuant to U.S.S.G. § 5K2.12, a sentencing court "may depart downward" for a defendant who "committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense."  U.S.S.G. § 5K2.12; *see also United States v. Russell*, 917 F.2d 512, 515-16 (11th Cir. 1990) (discussing departures under § 5K2.12).  The section further provides that the extent of the decrease should depend on the reasonableness of the defendant's conduct.  U.S.S.G. § 5K2.12.

We lack jurisdiction "to consider a defendant's appeal of a discretionary decision of the district court to not apply a downward departure."  *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).  However, we may conduct a *de novo* review of a claim that the district court mistakenly believed that it lacked

5

authority to grant such a departure. *United States v. Mignott*, 184 F.3d 1288, 1289 (11th Cir. 1999); *see also United States v. Hadaway*, 998 F.2d 917, 921 (11th Cir.1993) (vacating and remanding sentence after district court declined to depart downward because it wrongly believed that it lacked authority to do so).

We must first determine whether the district court incorrectly believed it lacked authority to grant a departure. When nothing in the record indicates otherwise, we assume that the district court understood that it had the authority to depart downward. *United States v. Dudley,* 463 F.3d 1221, 1228 (11th Cir. 2006). But where the record is ambiguous as to the district court's understanding, the ambiguity is resolved in the defendant's favor. *United States v. Webb*, 139 F.3d 1390, 1395 (11th Cir. 1998) (vacating sentence after concluding that the district court "appear[ed] to have agreed with both the proposition that it lacked the authority to depart . . . as well as the proposition that it had the discretion to depart but chose not to do so in this case").

Here, the record is ambiguous as to whether the district court understood that it had the authority to depart downward. Some of the court's comments seem to show that the court believed, as a matter of law, that there could be no excuse or justification defense to a firearm-possession offense under 18 U.S.C. § 922(g)(1), as a matter of law. For example, in response to defense counsel's arguments that the court could depart under § 5K.12 based on coercion or duress, the court stated,

6

"I don't know of any law that says if a man or a woman is a convicted felon that there are circumstances that excuse the offense." (D.E. 59 at 11). Further, the court asked whether coercion is a defense to a violation of the statute, stating "I don't know it to be." (*Id.* at 12). While other comments may be construed to suggest that the court may have made a discretionary determination based on the merits, we resolve the ambiguity in Enoch's favor. *See Webb*, 139 F.3d at 1395.

Turning to the merits, Enoch contends that this circuit recognizes a justification defense to a § 922(g)(1) firearm-possession offense, and that the district court therefore was permitted to depart downward under § 5K2.12, even if the facts show only an imperfect defense. We agree.

This Court has held that "justification" is an affirmative defense to a § 922(g)(1) charge. *United States v. Deleveaux*, 205 F.3d 1292, 1297-98 (11th Cir. 2000); *see also United States v. Rice*, 214 F.3d 1295, 1297 (11th Cir. 2000). To establish this defense in the § 922(g)(1) context, a defendant must prove four elements:

> (1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

7

*Deleveaux*, 205 F.3d at 1297. Because § 5K2.12 provides that the court may depart downward in "circumstances not amounting to a complete defense," the district court would have been permitted to depart even if Enoch was unable to establish these elements fully. The extent of the decrease, if warranted, "should depend on the reasonableness of the defendant's actions, on the proportionality of the defendant's actions to the seriousness of coercion, blackmail, or duress involved, and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be." U.S.S.G. § 5K2.12.

The government suggests that, even if the district court incorrectly believed that it lacked the authority to depart, we may nonetheless affirm the denial of the downward departure because Enoch did not prove his entitlement to the departure by presenting any evidence in support of his request at the sentencing hearing. However, defense counsel explained the factual basis for seeking a departure under § 5K2.12 at the sentencing hearing, but it appears that the district court was unwilling to entertain an excuse or justification defense to the § 922(g)(1) as a matter of law.[1] Enoch cannot be faulted for failing to produce evidence that the court already had rejected as necessarily legally insufficient.

---

[1] Although we acknowledge that defense counsel, when pressed by the district court, failed to identify a case showing that there is a defense to a § 922(g)(1) charge, we also note that counsel cited *Deleveaux* in his objections to the PSR.

Consequently, we vacate and remand for resentencing and for consideration on the merits of whether and to what extent a § 5K2.12 departure is warranted based on the evidence presented. We express no view as to whether a downward departure should, in fact, be granted on remand.

## III.

Enoch also raises various other challenges to the procedural and substantive reasonableness of his 60-month prison sentence. He contends that the court procedurally erred by (1) effectively imposing an upward departure based on an under-represented criminal history, under U.S.S.G. § 4A1.3, without complying with the procedural requirements of that section or of Rule 32(h), FED. R. CRIM. P., and (2) failing to give a significant justification for its major variance. And he argues that his sentence was substantively unreasonable because: (a) it was based primarily on his prior criminal history, which had already been factored into his guideline range; (b) the court improperly increased his sentence based on unfounded assumptions about Enoch's lack of employment, marital status, and failure to pay child support; and (c) the court failed to consider mitigating evidence and arguments.

To the extent that the court may have based its upward variance on any assumptions or speculation about Enoch's failure to pay child support, without making any supporting factual findings, it would have been inappropriate to do so.

9

A district court's sentencing determinations must be "based on the facts presented." *Gall*, 552 U.S. at 50, 128 S. Ct. at 597. While a district court may make factual findings by drawing reasonable inferences from the facts in the record, *United States v. Creel*, 783 F.3d 1359, 1359 (11th Cir. 2015), factual findings "cannot be based on speculation," *id.* (quoting *United States v. Newman*, 614 F.3d 1232, 1238 (11th Cir. 2010)), and must be supported by "substantial evidence," *see United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). Further, when there is a disputed matter at sentencing, the district court generally must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

The district court's factual findings supporting its sentencing determinations, and the court's resolution of disputed factual matters, are necessary to ensure meaningful appellate review. *See United States v. Reid*, 139 F.3d 1367, 1368 (11th Cir. 1998) ("We cannot engage in meaningful appellate review of a sentence unless the district court sets out the facts underpinning the guidelines it applied in fashioning the defendant's sentence or the record plainly establishes such facts."); *Shukwit v. United States*, 973 F.2d 903, 905 (11th Cir. 1992) (remanding based on the district court's failure to resolve a factual dispute because this Court was

"unable to ascertain whether [the defendant] was sentenced on the basis of inaccurate information").

After Enoch personally objected that he worked various odd jobs and took care of his children, the district court did not thereafter resolve the question either by making supporting factual findings or by stating that the matter would not affect sentencing. Nor did the court explain how Enoch's marital status, employment history, or purported lack of child support supported an upward variance based on the § 3553(a) factors. So it is not clear whether the district court, in fact, relied on impermissible speculation.

Nevertheless, we need not, and do not, decide whether the district court procedurally or substantively erred on this or other grounds because we conclude that a remand is warranted based on the departure issue, as explained above. Enoch's remaining challenges are to the length of the sentence and to the district court's justification of that sentence. Because the chosen sentence, as well as its underlying justification, may change upon remand, we do not at this time opine on its reasonableness. *See United States v. Gupta*, 572 F.3d 878, 888 (11th Cir. 2009) ("We do not know what sentence the district court will impose on remand. Thus, we would be rendering an advisory opinion if we were to pick a sentence and declare it to be reasonable." (quoting *United States v. Collins*, 915 F.2d 618, 622 (11th Cir. 1990)).

11

**IV.**

In sum, we **VACATE** Enoch's sentence and **REMAND** for resentencing consistent with this opinion.

**VACATED AND REMANDED.**